### In re SIMMONS et al.

#### (Supreme Court, Special Term, Ulster County.)

1. WATERS AND WATER COURSES (§ 183*) — ACQUISITION OF LAND FOR WATER SUPPLY—COMMISSIONERS OF APPRAISAL—JURISDICTION.

    Under Laws 1905, pp. 2034, 2039, c. 724, §§ 12, 19, authorizing the commissioners of appraisal appointed under the act to assess the compensation for lands acquired by the city of New York for a water supply, every person interested in any real estate taken has three years within which to exhibit to the commissioners his claim.

    [Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 183.*]

2. WATERS AND WATER COURSES (§ 183*) — ACQUISITION OF LAND FOR WATER SUPPLY—COMMISSIONERS OF APPRAISAL—JURISDICTION.

    Under Laws 1905, p. 2027, c. 724, authorizing the acquisition of land for a water supply, and requiring the commissioners of appraisal to determine claims presented, etc., jurisdiction is acquired by a claimant appearing before the commissioners, filing his claim, and offering testimony in support thereof.

    [Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 183.*]

3. WATERS AND WATER COURSES (§ 183*) — ACQUISITION OF LAND FOR WATER SUPPLY—COMMISSIONERS OF APPRAISAL—JURISDICTION.

    The jurisdiction of the commissioners of appraisal appointed under Laws 1905, p. 2027, c. 724, providing for commissioners of appraisal to determine claims for land taken for a water supply for the city of New York, is only obtained from the act and the order under which they are appointed, which order must follow the statute.

    [Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 183.*]

4. WATERS AND WATER COURSES (§ 183*) — ACQUISITION OF LAND FOR WATER SUPPLY—COMPENSATION.

    Where the fee owners of land acquired by the city of New York, under Laws 1905, p. 2027, c. 724, for water supply, appear before the commissioners of appraisal and present their claims, the payment for the claims for the fee should not be delayed because a claimant for the value of an easement in the land had failed to present his claim.

    [Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 183.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**5. Waters and Water Courses (§ 183\*) — Acquisition of Land for Water Supply—Compensation.**

Under Laws 1905, p. 2027, c. 724, a report of the commissioners of appraisal will be remitted to them, with instructions to report separately the value of a claim for the fee of the land taken and the respective owners thereof, leaving undetermined the value of an easement in the land owned by one who had not presented his claim to the commissioners.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 183.\*]

**6. Waters and Water Courses (§ 183\*) — Acquisition of Land for Water Supply—Compensation.**

The owners of the fee of the land sought to be taken under Laws 1905, p. 2027, c. 724, authorizing the acquisition of land for a water supply, cannot conclude by their evidence the owner of an easement in the land as to the value of the easement; but the owner of the easement is entitled to file his claim before the commissioners of appraisal and require them to determine its value.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 183.\*]

In the matter of the application and petition of J. Edward Simmons and others, constituting the Board of Water Supply of the City of New York, to acquire real estate for and on behalf of the City of New York, under Laws 1905, p. 2027, c. 724, and amendatory acts, in the Town of Olive, Ulster County, for the purpose of providing an additional supply of water for the city. Heard on motions by John J. Boice and others for a resettlement of an order confirming the first separate report of the commissioners of appraisal, and on an application for an order authorizing and directing the Kingston National Bank to pay Edwin B. Lasher and others a specified sum, and on a motion by Clarence D. Baldwin to remit to the commissioners a report for correction. Relief granted.

Arthur A. Brown (Harrison T. Slosson, of counsel), for John J. Boice and others.

A. T. Clearwater, for Zadoc P. Boice and others.

John J. Linson (Howard Chipp, of counsel), for Board of Water Supply of City of New York.

D. C. Atkins, for Citizens' Telephone Co.

John A. Delehanty, for Hudson River Telephone Co.

Virgil B. Van Wagonen, for Kingston Nat. Bank.

John J. Linson, for City of New York.

A. C. & F. W. Hottenroth, for Clarence D. Baldwin.

BETTS, J. The above motions, and numerous other motions that have been made or are in contemplation, resulting from the conflicting rights of the owners of the fee of the lands in the Ashokan Reservoir section and the telephone companies, owners of certain easements over certain parcels of said land, have led me to make a somewhat careful examination of the statute under which these proceedings are had, with the view of ascertaining what the law is, and if some general rule may not be laid down as to the correction of any procedure that may have been heretofore had in proceedings wherein these telephone companies have easements over the parcels of land claimed by the owners

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in fee and disputes have arisen as to the ownerships of the awards, and also for ascertaining if some general rule may not be formulated for future procedure in similar cases.

In the first place I understand neither one of these telephone companies has filed any claims for damages arising from any particular parcel of land before any of the commissions in the reservoir section, nor have they filed any claim before any commission for what might be called the length of their easements and rights running through the whole length of any section referred to any particular commission. They have, however, I understand, filed a sort of omnibus claim with the board of water supply in the city of New York, and with its secretary or clerk of all the commissions here, for claims for damages for this entire Ashokan Reservoir section, and as a part of it a claim for loss of business or damage to the same. They have not appeared before any commission and offered any evidence as to the amount of their claims to any particular parcels, or all the parcels, embraced in the territory assigned to any particular commission; hence it becomes essential and necessary to inquire what rights these telephone companies have in this land in question, and how, if at all, their rights conflict with the owners thereof, with a view to adopting a method of procedure that may lead to less confusion and less litigation in the future, and ascertaining, also, the respective rights of telephone companies and fee owners in certain awards already made. All my references will be to chapter 724, p. 2027, of the Laws of 1905, as amended by Laws 1906, p. 736, c. 314.

By section 9 it is provided:

"The court upon due proof to its satisfaction of the publication and posting aforesaid and upon filing the said petition shall make an order for the appointment of three disinterested and competent freeholders, * * * as commissioners of appraisal to ascertain and appraise the compensation to be made to the owners and all persons interested in the real estate laid down on said maps as proposed to be taken or affected for the purposes indicated in this act. Such order shall fix the time and place for the first meeting of the said commissioners. * * * "

Thus we have the commission appointed and in session.

Section 12 is as follows:

"Any one of said commissioners of appraisal may issue subpœnas and administer oaths to witnesses; and they, or any one of them in the absence of the others, may adjourn the proceedings from time to time in their discretion, but they shall continue to meet from time to time, as may be necessary to hear, consider and determine upon all claims which may be presented to them under the provisions of this act. * * * They shall view the real estate laid down on said maps and shall hear the proofs and allegations of any owner, lessee, or other person in any way entitled to, or interested in said real estate or any part or parcel thereof, and also such proofs and allegations as may be offered on behalf of the city of New York."

By section 11, as amended, on filing the oaths of the commissioners, the city of New York shall be and become seised in fee of all those parcels of real estate which are shown on the maps in the respective sections for which the respective commissions were appointed, and may immediately, or at any time or times thereafter, take possession

of the same, or any part or parts thereof, without any suit or proceeding at law for that purpose—

"provided, however, that before the city of New York takes possession of the same it shall pay to the respective owner or owners of each said parcels of real estate, a sum of money equal to one-half the assessed valuation of said real property as the same appears upon the assessment roll of the town in which the same is situate for the year nineteen hundred and five."

Said section 11, as amended, also contains certain safeguards for the rights of owners who can be found and owners who cannot be found with due diligence, notice being required to be given to the owner or his attorney, and an opportunity permitted the said owner to examine the property with his witnesses; and in case an owner cannot be found, before destroying any of the buildings or improvements, the representatives of the board of water supply or of the corporation counsel shall cause measurements to be made of the buildings, and photographs, which shall be at the disposal of said owners in the event of their appearing and demanding the same before the case is tried.

By section 13, as amended, the commissioners shall prepare a report which shall contain—

"a brief description of the several parcels of real estate so acquired, taken or affected, with reference to the map or maps as showing the exact location and boundaries of each parcel; a statement of the sum estimated and determined upon by them as a just and equitable compensation to be made by the city to the owners or persons entitled to or interested in each parcel so taken, or as to which any right, title, interest, privilege or easement is taken, acquired or extinguished; and a statement of the respective owners or persons entitled thereto, or interested therein, but in all and each and every case and cases where the owners and parties interested, or their respective estates or interests are unknown, or not fully known to the commissioners of appraisal, it shall be sufficient for them to set forth and state in general terms the respective sums to be allowed and paid to the owners of, and parties interested therein generally, without specifying the names of estates or interests of such owners, or parties interested or any or either of them."

It will be noted in this section that the commission is required to report "the sum estimated and determined upon by them as a just and equitable compensation to be made by the city to the owners or persons entitled to or interested in each parcel so taken, or as to which any * * * easement is taken, acquired or extinguished." It will also be noted that the only authority given to the commissioners of appraisal to "state in general terms the respective sums to be allowed and paid to the owners of, and parties interested therein generally, without specifying the name of estates or interests of such owners, or parties interested or any or either of them," is in the case where such owners are unknown or not fully known to the commissioners.

Section 21 provides as follows:

"Said commissioners of appraisal may, in their discretion take up any specified claim or claims and finally ascertain and determine the compensation to be made thereon, and make a separate report with reference thereto, annexing to said report a copy of so much of the maps as displays the parcel or parcels so reported on. Such report shall, as to the claims therein specified, be the report required in this act, and the subsequent action with reference thereto shall be had in the same manner as though no other claims were embraced in

said proceeding, which, however, shall continue as to all claims upon which no such determination and report is made."

Section 19 provides that:

"Every owner or person in any way interested in any real estate taken or entered upon and used and occupied for the purposes contemplated by this act * * * if he intends to make claim for compensation for such taking, entering upon, using or occupying, shall within three years after the appointment of the commissioners of appraisal, exhibit to the said commissioners a statement of his claim, and shall thereupon be entitled to offer testimony and to be heard before them touching such claim and the compensation proper to be made him and to have a determination made by such commissioners of appraisal as to the amount of such compensation."

The balance of the section provides that upon the neglect or refusal to present such claim within three years such person—

"shall be deemed to have surrendered his title or interest in such real estate, or his claims for damages thereto except so far as he may be entitled as such owner or person interested to the whole or a part of the sum of money awarded by the commissioners of appraisal as a just and equitable compensation for taking, using and occupying, or as damages for affecting the real estate owned by said person, or in which said person is interested."

Under this section and section 12 it will be seen that the telephone companies have neither presented nor exhibited to the commissioners a statement of their claim as provided for in said sections, nor have they offered any testimony in relation thereto, nor have they been heard before these commissioners touching upon such claim; and the section clearly gives them three years in which to present their claims, if they are disposed to take that time.

Section 25, so far as material, is as follows:

"The term 'real estate,' as used in this act, shall be construed to signify and embrace * * * any and all easements * * * and every estate, interest and right, legal and equitable, in land or water, * * * and also all claims for damage to such real estate."

The only notice required of the application for the appointment of commissioners is by section 8, which requires it to be printed in newspapers therein provided for and the posting up of certain handbills in the vicinity of the real estate so to be taken or affected.

It will be noticed in this connection the vastly different method of acquiring jurisdiction that is provided by this act from that which is provided in ordinary condemnation proceedings, by sections 3360, 3361, and 3362, and the following sections, of the Code of Civil Procedure. There the landowners or persons interested are required to be brought into court in the same manner in which a defendant is brought into court, by the service of a summons upon him in the Supreme Court; and for the reason that all parties interested are before the court under the Code proceeding many of the cases cited do not apply to the procedure under this statute. Here the parties are advised of the proceedings by the publication and posting only. I find no statement in the statute except that quoted, contained in sections 12 and 19, which gives the commissioners of appraisal appointed by the court any jurisdiction to hear and determine claims for the lands contained in their respective sections. Jurisdiction is acquired only by the parties voluntarily appear-

ing before them, filing their claims, and offering such testimony as they may deem suitable in support of the same; in other words, if the parties do not appear, the commissioners do not acquire jurisdiction. These telephone companies have not appeared before any of the commissions, as we have noted. Therefore the commissions, as to them, have acquired no jurisdiction. The only jurisdiction, of course, obtained by these commissioners, is obtained from the statute and the order under which they are appointed, which order must follow the statute.

The landowners or owners of the fee in these parcels which are involved in the discussion here have appeared and have presented their claims. The telephone companies have some time yet in which to present their claims for their easements over the same parcels, or they may never present any claims. Should the fee owners' payment be delayed to suit the convenience of the telephone companies? Should the diligent be required to wait until the laggard appears and asserts his claim? Should the payment for the claim to the fee, the large claim, be delayed because the claimant for the value of the easement, the small claim, has not yet seen fit to present his claim? I think not. I think the statute should receive such a construction as is usually given to all statutes, which is to reward the diligent.

The statute fully provides for a partial report by the commissioners of the value of the interests in the parcels taken. I think, however, the contention made by the fee owners appearing, interested in section 9, as to what is contained in the report is incorrect. In addition to reading the report, I am informed by the chairman of the commission that the awards were intended to cover the entire interest in the several parcels, now before me, so that the order confirming the report cannot be resettled and amended in the manner asked for.

The court is not, however, powerless. There seems to be but one remedy, and that is under the general prayer for relief in these motions, or on new motion papers, as the fee owners may be advised, to send each one of these reports, except the Lasher report, back to the commissioners, with instructions to report to this court separately the value of the claim for the fee and the respective owners thereof. If the telephone companies come in and prove their claims for the payment of their interest in these respective parcels, the commissions may report their value. If they do not, the report on the value of these easements may wait until such times as the telephone companies present their claims to the respective commissions. The telephone lines, where located, should be shown on the maps used before the commissions, if that is practicable. If not, new maps should be prepared, showing the telephone companies' lines and poles and wires, where such have been erected.

This will result in some delay in cases which have already been reported on, but perhaps less delay than would occur if any other procedure was adopted. At any event, we are proceeding right, even if slowly. It is not right that the owners of the fee should be held to await the slow and uncertain action of the telephone companies. They should receive their pay. The city of New York is not asking anything unreasonable, either, in having it definitely determined what interest it

is required to pay for. The court is not required to in any way criticise the methods or motives of the telephone companies, and does not. They have availed themselves of their statutory rights for reasons doubtless satisfactory to themselves and not of importance to the court or the owners of the fee.

The act provides fully for reports on separate interests, as we have seen. This disposition of a vexatious matter will not so greatly increase the labors of the city or the commissioners. If the telephone companies present their claims for the entire section before each commission, the labors will be less than if presented for each separate parcel in that section. The owners of the fee cannot by their evidence conclude the telephone companies as to the value of the claims of said companies. The telephone companies must have their day in court.

Orders in the several cases referred to here may be handed up, denying the specific relief asked for in each case, but granting relief in accordance with this memorandum, as suggested, except the Lasher Case, which motion is denied.